RECEIVED

JAN 17 2023

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

Case No. 5:23-cv-0101

CLINTON STRANGE,
*Plaintiff*

v.

DAISY,
*Defendant*

_____/

## CIVIL ACTION COMPLAINT

For Violations of the:

Telephone Consumer Protection Act of 1991

### NATURE OF SUIT:

1. The *pro se* Plaintiff CLINTON STRANGE, herein ("PLAINTIFF") brings suit against a Doe entity that has refused to properly identify itself, and that in numerous communications stated they are Daisy, or Ava. Daisy (and Ava) purport to be Louisiana licensed and or credentialed agents hawking Louisiana Health Care Policies to consumers and small businesses in Louisiana via non-compliant telemarketing in violation of the federal Telephone Consumer Protection Act of 1991 ("TCPA").

2. Plaintiff alleges that he received at least Five (5) Robotexts from Defendant and Plaintiff seeks to recover trebled statutory damages, an enjoinder from future violations and other relief detailed in the below "Prayer" section; together along with the recovery of all costs, post judgment interest, and such other and further relief the Court deems proper.

3. Defendant Daisy's true identity is unknown to Plaintiff at this time. Plaintiff has undertaken to conduct a thorough Fed. Rule 11 Investigation to discover Daisy's true

identity as follows: (1) Plaintiff telephoned Daisy's number that appeared on the Caller ID and a Caucasian younger Doe answered and refused to identify Daisy on July 21, 2022 at 12:33pm CST; and (2) Plaintiff ascertained that some or all of the numbers were associated with Twilio, and moved the Court in an *unrelated* case to allow a Clerk's Subpoena to Issue (which the Court rightfully denied).

4. Further, Plaintiff conducted exhaustive research on the Louisiana Department of Insurance website regarding "producers" with the first names of "Daisy" & "Ava" and was not able to connect any specific party or entity to the instant complaint.

## JURISDICTION & VENUE:

5. This U.S. District Court has jurisdiction arising under a Federal Question as the TCPA is a federal statute pursuant to 28 U.S. Code § 1331.

6. Venue lies proper in this U.S. District because the Doe Defendant/s (1) transmitted calls to a Louisiana Consumer subscribed to the 318-area code; (2) Defendant holds itself out to be a Louisiana Licensed Insurance agent / producer/ broker; and (3) Defendant directed their alleged misconduct toward a consumer in this forum pursuant to 28 U.S. Code § 1391.

## THE PARTIES:

7. Plaintiff CLINTON STRANGE is an adult individual residing at the address of:

    CLINTON STRANGE
    7021 WINBURN DRIVE
    GREENWOOD, LA 71033

8. Defendant DAISY is a fictiously named party who purports to be a Louisiana Licensed Agent / Producer, and or Broker that can be identified as the enduser of the Twilio account 210-864-6559 between December 8, 2022, and December 11, 2022.

## FACTUAL ALLEGATIONS:

### Plaintiff's Cellphone is a Residential Number

9. Plaintiff utilizes his Verizon wireless cellphone number residentially for a primary residential number, bedside alarm clock, and a home telemedicine tool, and a cooking timer for preparing meals.

### How the Plaintiff Sought to Pre-Emptively Mitigate Damages

10. Plaintiff registered his 318-423-5057 residential cell-phone number on the FTC's Federal Do-Not-Call List on Jan. 3, 2018, and it has been continuous since that date.

### The Alleged Violative Incidents in 2022

11. On June 9, 2022, at 12:33pm CST a Doe who identified as 'Daisy' transmitted a Robotext to Plaintiff's 5057 cellphone.

12. Plaintiff reply texted "STOP" on June 17, 2022 to 813-510-5877.

13. Undeterred by the "STOP" request Daisy transmitted another violative Robotext utilizing the *desk name* of "Ava" on July 21, 2022 at 9:38am CST.



**Figure A**     **Figure B**     **Figure C**

14. Later on, on July 21, 2022, at 12:31pm CST (as shown above) Plaintiff texted "Stop" back to 813-278-6376.

15. On December 7, 2022, Daisy again *relaunched* a mass Robotexting campaign that would go on to transmit three (3) additional Robotexts to Plaintiff's DNC registered cellphone 5057.



**Figure D**



**Figure E**



**Figure F**

### The Harm & Injuries Suffered by Plaintiff as a Direct Result of Defendant's Conduct

16. The TCPA prohibits telemarketing calls consumer cellphones if they are registered on the FTC's Do-Not-Call List.

17. Plaintiff was annoyed and harassed by the Robotexts. They felt like a public nuisance to Plaintiff.

### THE COUNTS:

### COUNT I

### (Plaintiff v. Daisy)

### 47 U.S.C. § 227(c)(5)

### Do-Not-Call Violations

18. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

19. Daisy is likely an insurance lead broker that conducts telemarketing to generate leads to forward on to larger well-known brands.

20. Daisy does not adhere to the requirements of the federal Do-Not-Call list, and must be made aware *visa-vis* punishment under the TCPA.

21. A failure to respect the technological boundaries can and should lead to significant relief for the person receiving the call. A plaintiff suing under section 227(c)(5) can recover actual monetary losses or statutory damages up to $500. See 47 U.S.C. § 227(c)(5)(B).

22. Here, Plaintiff repeatedly requested for Defendant Daisy to "STOP", so Plaintiff requests trebled damages for all five (5) known Robotexts in the amount of $7,500.00.

## COUNT II

### (Plaintiff v. Daisy)

### 47 U.S.C. § 227(c)(5)

**Do-Not-Call Violations Under the Code of Federal Regulations**

23. Plaintiff incorporates the foregoing paragraphs Nos. 1-17 as though the same were set forth at length herein.

24. Daisy is likely an insurance lead broker that conducts telemarketing to generate leads to forward on to larger well-known brands.

25. Daisy does not adhere to the requirements of the federal Do-Not-Call list and must be made aware *visa-vis* punishment under the TCPA, and the U.S. Code of Federal Regulations.

26. Once a telephone number is registered on the Do Not Call Registry, "registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." See 47 C.F.R. § 64.1200(c)(2).

27. Plaintiff seeks damages (statutory in nature) for violations of 47 C.F.R. § 64.1200(c)(2) which Plaintiff believes he can recover for / from under 47 U.S.C. § 227(c)(5).

## Prayer for Relief:

**Wherefore,** Plaintiff seeks Judgment in Plaintiff's favor and Damages against Defendant Daisy based on the following requested relief:

Statutory Damages (of $2,500);

And Or,

Trebled Statutory Damages (of up to $7,500);

Recovery of all costs, expenses and or fees associated with bringing and or litigating the action to judgment;

Post Judgment Interest allowable under 28 U.S. Code 1961;

, and such other and further relief the Court deems necessary, just, and or proper.

Respectfully Submitted,

x _Clinton Strange_            1-16-2023
Clinton Strange                          Dated
*Pro Se*
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
StrangeC982@gmail.com