UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CLINTON STRANGE | CIVIL ACTION NO. 23-cv-101 |
| VERSUS | JUDGE EDWARDS |
| DAISY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Clinton Strange ("Plaintiff"), who is self-represented, has filed several civil actions for violations of the Telephone Consumer Protection Act. In several of the cases, the court has granted Plaintiff leave to conduct discovery to determine the identities of the potential defendants and the address at which they may be served. Such leave was granted in this case, and Plaintiff issued several subpoenas over the course of the last year. In January 2024, just over a year after the complaint was filed, the court issued an order and directed Plaintiff to, by February 16, 2024, either voluntarily dismiss this civil action of file a status report describing his efforts to identify a defendant and showing cause why such efforts should be allowed to continue. The February 16 deadline has passed, and Plaintiff has not filed anything.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or

without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

Plaintiff was allowed more than a reasonable opportunity to obtain the identity of the proper defendant and amend his complaint accordingly. Despite several subpoenas issued over the course of a year, he has apparently been unable to succeed in that endeavor. Plaintiff also failed to comply with the court's order by voluntarily dismissing his action or filing a statement about his efforts and attempting to show cause why they should be allowed to continue. Dismissal without prejudice is appropriate under these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute and for failure to comply with a court order.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of February, 2024.

Mark L. Hornsby<br>
U.S. Magistrate Judge